# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:12-CR-72-TLS |
| | ) | |
| HAROLD COLLINS | ) | |

## OPINION AND ORDER

Defendant Harold Collins has been indicted along with Codefendant Julian Zamora with conspiring to distribute heroin from June 22, 2010, to July 15, 2010. This matter is before the Court on Defendant Collins's Motion for Pretrial Evidentiary Hearing to Determine Existence of Conspiracy [ECF No. 61]. The Defendant anticipates that the Government will offer, at his trial, incriminating statements made by his alleged coconspirator, using the hearsay exception in Rule 801(d)(2)(E). He maintains that, because the Government must first establish the existence of a conspiracy and the Defendant's involvement in the conspiracy, it would conserve judicial resources and prevent jury confusion to hold an evidentiary hearing before trial to establish these prerequisites. The Defendant also asserts that it will prevent a potential mistrial if the Court finds that there was no conspiracy. The Government disagrees that a pretrial evidentiary hearing is necessary or that it would be the most efficient procedure to employ in this case.

For statements of a coconspirator to be admissible, the Government must provide sufficient evidence, as a preliminary matter, Fed. R. Evid. 104(a), that it is more likely than not that 1) a conspiracy existed, 2) the defendant and the declarant were members of the conspiracy, and 3) the proffered statements were made during the course of and in furtherance of the conspiracy. *United States v. Santiago*, 582 F.2d 1128, 1134–35 (7th Cir. 1978), overruled on other grounds by *Bourjaily v. United States*, 483 U.S. 171 (1987). A district court has a variety

of procedures it can use to make the preliminary admissibility determination. *United States v. Cox*, 923 F.3d 519, 526 (7th Cir. 1991). In *Santiago*, the court reaffirmed that evidence as to these elements can be submitted to the court by way of proffer before trial, and the court can admit the statements subject to its later determination that, based on all of the evidence admitted at trial, the government has proved by a preponderance of that evidence all three requisite foundational elements. 582 F.2d at 1131. If the condition is never satisfied, a mistrial or at least an instruction for the jury to disregard the hearsay statements would be necessary. *United States v. Doerr*, 886 F.2d 944, 967 (7th Cir. 1989). Even in the absence of a pretrial offer, the court can conditionally admit the body of coconspirator's statements subject to the government's eventual proof of the foundational elements, with the penalty for not so providing again being a possible mistrial. *United States v. Andrus*, 775 F.2d 825, 837 (7th Cir. 1985). Another approved method is to rule on each statement as it is elicited based on the evidence the Government has adduced to that point. *Cox*, 923 F.3d at 526. The court can also "hold a 'full blown' preliminary hearing to consider all evidence concerning the statements." *Id.* at 526 (citing *Andrus*, 775 F.2d at 837). However, the Seventh Circuit has discouraged this procedure as inefficient and potentially duplicative. *Doerr*, 886 F.2d at 967; *see also United States v. Hoover*, 246 F.3d 1054, 1060 (7th Cir. 2001) (acknowledging that, while holding an evidentiary hearing to supply a basis for admission of coconspirator's statements "is one way to go about the task," it is "not the only or even the best way. A judge may act on the basis of a pretrial evidentiary proffer or evidence introduced in the early stages of trial."); *Andrus*, 775 F.2d at 837 (stating that requiring the government to submit a written proffer "has the advantage of economy" over conducting a hearing. "Witnesses will not have to be brought in twice. The court will not spend an excessive

amount of time making a determination which is only preliminary.").

In its response brief, the Government sets out the facts that it believes support the existence of a conspiracy, and notes that the information and audio recordings supporting this charge have been provided to the Defendant in discovery. The Defendant has not articulated a compelling reason why this offer of evidence, combined with a written *Santiago* proffer before trial, is not sufficient in this case. There is nothing about the scope or the nature of the conspiracy or the anticipated evidence that suggests a preliminary *Santiago* hearing and determination would be the most efficient use of judicial resources. Moreover, the Defendant's own actions and words are part of the proof against him, such that a statement by his coconspirator that is conditionally admitted but later excluded would have less prejudicial impact and be curable through a limiting instruction. Other statements will likely be admitted to provide context and not for the truth of the matter asserted, and thus are not subject to the preliminary finding. *See United States v. Gajo*, 290 F.3d 922, 930 (7th Cir. 2002) (holding that statements providing context for other admissible statements are not hearsay as defined in Rule 801 because they are not offered for their truth). Finally, as the Government notes, it remains to be seen whether the coconspirator will plead guilty before the June 10, 2014, trial date and be a witness at trial and subject to cross-examination. The Court will thus employ the approved methodology of conditionally admitting the statements at trial subject to the Government's eventual proof of the Rule 801(d)(2)(E) elements for the admission of coconspirator statements by a preponderance of the evidence. *Doerr*, 886 F.2d at 967. The Court will have the discretion to provide the jury with a limited instruction if an coconspirator statement is ultimately excluded from evidence. *Id.*

**CONCLUSION**

For the reasons stated above, the Defendant's Motion for Pretrial Evidentiary Hearing to Determine Existence of Conspiracy [ECF No. 61] is DENIED.

SO ORDERED on April 21, 2014.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION