UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:12-CR-72-TLS |
| | ) | |
| HAROLD COLLINS | ) | |

**OPINION AND ORDER**

Defendant Harold Collins has filed a Motion to Dismiss [ECF No. 66], on grounds that his right to a speedy trial pursuant to 18 U.S.C. § 3161 has been violated. The Government opposes the Motion [ECF No. 67]. Having reviewed the record in this case and the Defendant's argument, the Court finds that there is no basis to dismiss this cause of action.

**DISCUSSION**

The Defendant argues that his right to a speedy trial under 18 U.S.C. § 3161(c)(1) was violated because his trial did not begin within seventy days of the date the indictment was filed.

Section 3161(c)(1) requires that a criminal defendant be tried within seventy days from "the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *Id*. However, to provide needed flexibility, the Speedy Trial Act provides for certain periods of time to be excluded from the 70-day clock. *United States v. Hills*, 618 F.3d 619, 626 (7th Cir. 2010). Among the time periods to be excluded are delays resulting from any pretrial motion and delays based upon a finding that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial. *Id.*; 18 U.S.C. §§ 3161(h)(1)(D) &(h)(7)(A). The Court may grant a continuance based upon the ends of justice for multiple reasons, including

consideration of whether the failure to continue the trial would deny the defendant reasonable time to obtain counsel or would deny counsel the time necessary for effective preparation, and whether the failure to grant a continuance would result in a miscarriage of justice. *Hills*, 618 F.3d at 628; 18 U.S.C. § 3161(h)(7)(B).

The Defendant acknowledges that beginning in December 2012, every continuance sought in this case was granted on grounds that the ends of justice served by the continuance outweighed the best interests of the public and the Defendant in a speedy trial. The Defendant's sole argument that time has expired despite these continuances is a pro se letter he filed on August 27, 2013, in response to his counsel's motion to withdraw. In this letter, the Defendant requested that his attorney not withdraw and that the trial be scheduled as soon as possible.

It is unclear under what basis the Defendant believes this letter restarted his speedy trial clock and rendered previous or subsequent continuances ineffective. A defendant cannot opt out of the Speedy Trial Act. *Zedner v. United States*, 547 U.S. 489, 500 (2006), and his consent is not required before counsel makes the tactical decision to file a motion to continue, *Hills*, 618 F.3d at 628. A defendant in a criminal case has the right to represent himself or to be represented by counsel, but a defendant has no right to hybrid representation. *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998); *United States v. Anderson*, 716 F.2d 446, 449 (7th Cir. 1983); *United States v. Trapnell*, 638 F.2d 1016, 1027 (7th Cir. 1980). And although "an indigent defendant has a right to competent counsel," he does not have "a right to counsel of his choice." *United States v. Oreye*, 263 F.3d 669, 671 (7th Cir. 2001). Accordingly, the Defendant's letter was ineffectual for any purpose, including to restart the speedy trial clock and discredit ends of justice findings.

The Court has continued to order this case continued since November 20, 2013, and all such orders have been made pursuant to the ends of justice and pursuant to 18 U.S.C. § 3161(h)(7) and in each order the Court has found that the ends of justice outweigh the best interests of the public and defendant in a speedy trial. Currently this case is set for trial to begin on September 9, 2014, with a pretrial motion cut-off date of August 11, 2014, a plea deadline of August 19, 2014. A telephonic final pretrial conference is set for August 19, 2014.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss [ECF No. 66] is DENIED, and the trial date and related deadlines are CONFIRMED.

SO ORDERED on June 3, 2014.

           s/ Theresa L. Springmann
           THERESA L. SPRINGMANN
           UNITED STATES DISTRICT COURT